UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

DEMETRIUS ROGERS,

        Plaintiff,                          Case No. 2:14-cv-259

v.                                                Honorable Gordon J. Quist

LIZABETH RALLES,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

## Factual Allegations

Plaintiff Demetrius Rogers, a state prisoner currently confined at the Ojibway Correctional Facility (OCF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Dr. Lizabeth Ralles and Unknown Parties named as "Muskegon Temporary Facility

(MTF) Doctors." In Plaintiff's complaint, he alleges that doctors at OCF and MTF are withholding information regarding Plaintiff's medical condition. Plaintiff states that during the first week of April 2012, after being transferred to MTF, Plaintiff awoke from sleep after experiencing a sharp pain in his buttock, similar to the pain one would feel if they were being poked with a needle. In August of 2012, Plaintiff was awakened because "somebody" injected a salt solution into his blood. As a result, Plaintiff tasted salt for two weeks and experienced a burning sensation in the area of his heart.

Plaintiff contends that doctors at MTF had the unit officers and the kitchen supervisors medicating him for some unknown reason with some sort of projectile containing medicine. Plaintiff states that whatever he was given caused him to experience changes in heart rate and mind set. Plaintiff complained to a nurse and the inspector, to no avail. Plaintiff was transferred to OCF at the end of 2013, and has been "getting medicated by staff members" ever since. Plaintiff talked to Defendant Ralles about the situation and she suggested that Plaintiff speak with the Psychologist. Consequently, Plaintiff spoke to the "Psych," Mr. Sank, and explained the situation. However, Mr. Sank did not have any answers for Plaintiff, so Plaintiff filed a grievance which was denied as being vague. Plaintiff filed a second grievance, but received no response. On October 9, 2014, Plaintiff wrote a letter to the Ombudsman seeking relief, to no avail.

Plaintiff claims that Defendants have violated his rights under the Eighth Amendment. Plaintiff seeks compensatory, punitive, and nominal damages, as well as equitable relief.

## Discussion

I.  <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*

- 2 -

*v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A review of the allegations in Plaintiff's complaint, as set forth above, assert that unknown parties awakened Plaintiff from his sleep by administering injections of unknown substances, which have changed his heart rate and mind set. Plaintiff fails to state facts identifying any specific person as actually injecting him. In a similar action, the United States District Court for the Eastern District of Michigan stated:

> [P]ursuant to 28 U.S.C. § 1915(e)(2)(B), a court must dismiss a complaint filed *in forma pauperis* "at any time if the court determines that ... the action ... is frivolous or malicious." *See Olivares v. Leon County Florida State Attorneys Office,* No. 14–10098, 2014 WL 234818, at *1 (E.D.Mich. Jan.22, 2014). The Supreme Court has announced that, for purposes of 28 U.S .C. § 1915, a complaint is frivolous "where it lacks an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). To that end, the term "frivolous" under 28 U.S.C. § 1915, "when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* In other words, dismissal is appropriate where the "claims describ[e] fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id.* at 327–328; *see also Denton v. Hernandez,* 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (dismissal appropriate when the "facts alleged rise to the level of the irrational or the wholly incredible").
>
> Here, Plaintiff's allegations of a forced and secretive implantation of transmission devices that are being used to monitor and harass him fall within the realm of frivolousness. *See Moore v. Robert,* No. 06–11911, 2006 WL 2925303, at *1 (E.D.Mich. Oct.11, 2006) (dismissing claim that a microchip was implanted into plaintiff's brain and that his thoughts were being transmitted to a computer); *see also Abascal v. Jarkos,* 357 F. App'x 388, 390 (2d Cir.2009) (dismissing as fantastic or delusional claim that prison doctors and officials were deliberately indifferent in using equipment to control plaintiff's thoughts and behavior and remotely inflict pain). Plaintiff's sole objection to the R & R is that he should have been allowed to provide proof of his claims before dismissal (Dkt.20), but the law does not require as much for such "fantastic or delusional" claims. To the contrary, 28 U.S.C. § 1915 encourages early dismissal of these claims to avoid wasting the Court's and the parties' time and resources on clearly baseless suits. *Neitzke,* 490 U.S. at 327. While Plaintiff cites *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), in support of his objection, that case only requires courts to allow supporting evidence when it does not appear

- 4 -

> "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 520–521 (quotation marks and citation omitted). This case falls within the "beyond doubt" category, even taking into account the indulgent treatment given to *pro* se complaints. The forced implantation of transmission devices into Plaintiff's neck so as to harass and eavesdrop on him is wholly incredible.

*Henry v. Caruso*, 2014 WL 525032, **1 -2 (E.D. Mich., 2014).

The allegations in this case, that Plaintiff was secretly injected with an unknown medication for an unexplained reason is similarly incredible. Moreover, Plaintiff fails to allege facts showing that the named Defendants were actually involved in the alleged misconduct. Therefore, the court concludes that Plaintiff's complaint is properly dismissed.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  February 11, 2015                    /s/ Gordon J. Quist
                                             GORDON J. QUIST
                                             UNITED STATES DISTRICT JUDGE